**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6153

EUGENE KING,

Plaintiff - Appellant,

v.

ORANGEBURG COUNTY COURT OF COMMON PLEAS; EDWARD DICKERSON, Administrative Judge, Individual and official capacity,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Terry L. Wooten, Senior District Judge.  (5:23-cv-01898-TLW)

Submitted:  September 5, 2024                    Decided:  September 19, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Eugene King, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eugene King seeks to appeal the district court's order denying his post-judgment motion to amend his 42 U.S.C. § 1983 complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on October 17, 2023, and the appeal period expired on November 16, 2023. King filed the notice of appeal on February 9, 2024.[*] Because King failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on King's declaration of inmate filing is the earliest date that King could have delivered the notice to prison officials for mailing to the court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2